Harold J. Crawford, J.
Application for an order reviewing the determination of the respondents constituting the State Liquor Authority which denied petitioner’s application for permission to remove his liquor store to another location.
Petitioner is the owner of a retail wine and liquor store in Ridgewood, Queens County. He sought permission to remove his store to Eltingville, Richmond County, because his earnings were inadequate and he thought public convenience would be better served at the proposed location which is a rapidly growing community. Respondents ’ letter of disapproval made three observations which may be taken as the reasons for their disapproval. They may be summarized briefly as follows:
1. “ the proposed location is presently a sparsely populated and undeveloped area, the immediate neighborhood consisting' of a Gas Station, a Lumber Yard and open lots. Under the circumstances public convenience and advantage would not be served by removal to this area.”
2. “ a modern shopping center is being constructed close to the proposed premises and when said modern shopping center is completed it is found that the proposed location would substantially enjoy -the fruits of such shopping center. ’ ’
3. ‘ ‘ tliis proposed removal is to another borough, 17 miles from the present licensed premises.”
The first reason given by respondents is not borne out by the record. The Post Office Department states that it makes a total of 2,716 residential deliveries in Eltingville, indicating an estimated population of 10,592 persons. In nearby Great Kills, the post office makes a total of 2,171 residential deliveries, indicating an estimated population of 8,467 persons. Yet, in Great Kills respondents have licensed two liquor stores while there is none in Eltingville.
Moreover, within less than a mile of the proposed location, there are 350 homes being constructed, some of which are within 400 feet of the proposed location.
In support of their second reason, respondents concede that the proposed location is not in a shopping center, but state that further down the street, there is being constructed a shopping-center whose predominate tenant will be a food supermarket. It is not claimed that any space therein will be occupied by a department store, variety store or the like which by its /wide choice of merchandise or exceptionally low prices would attract customers from any great distance. It appears to be a typical *289 neighborhood shopping center. Such a center does not militate against respondents’ rule concerning shopping centers. (Matter of Dowsey v. State Liq. Auth., 8 A D 2d 724, affd. 7 N Y 2d 795.)
Respondents’ third reason that (the removal is to another borough 17 miles from the present location is totally without merit. Respondents do not deny that they have approved a removal from Queens to Manhattan, thus crossing borough lines.
In the Dowsey case (supra) the removal was from Manhasset to Oyster Bay, a distance of 15 miles. The record on appeal in that case further reveals that respondents, themselves, permitted a removal from Floral Park to Plainview, a distance of more than 17 miles. It is apparent that the distance of the removal or that it is from one community to another, is no bar to the application.
The entire record here indicates that there is no reasonable basis for the denial of petitioner’s application. Ooncededly, hn has an unblemished record. The reasons given by respondents are specious and their determination is arbitrary. The application is granted. Submit order.